## EL PUEBLO v. BLANCO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 496.—Resuelto en diciembre 20, 1912.

DERECHO PENAL—INFRACCIÓN DEL REGLAMENTO DE SANIDAD—CASAS A PRUEBA DE RATAS.—Es insuficiente una acusación en la cual se imputa al dueño de una casa el no haber cumplido una orden del Director de Sanidad para hacer las siguientes reformas en su casa: ''Poner los pisos de concreto; a las paredes una capa de concreto de cuatro pulgadas de grueso, dos pies de profundidad y cuatro de altura; el patio a prueba de ratas, colocando todo al rededor y al nivel del piso de la segunda planta un saliente de zinc de dos pies de ancho, incrustado en la pared por donde deben pasar todos los tubos de desagüe, los alambres de luz, etc.,'' cuando en ella se omite el expresar si la casa está destinada a vivienda y tiene el piso de la planta baja de madera, para que así quede sujeta al artículo 2°. del reglamento de sanidad No. 3, aprobado por el Consejo Ejecutivo en julio 11, 1912, o si es un edificio destinado a alguno de los fines que se especifican en el artículo 7 de dicho reglamento, para que así quede sujeto a las reglas prescritas para las casas de viviendas y edificios, y en su caso a la condición indispensable de tener el piso de concreto u hormigón si se tratare de mercado, muelle, almacén y cualquier depósito de provisiones.

ID.—CASAS A PRUEBA DE RATAS—CASAS DE VIVIENDA.—Si la casa del acusado está destinada a vivienda y tiene de madera el piso de la planta baja, no puede estar sujeta a ninguna de las reformas ordenadas por el Director de Sanidad, como lo revela el artículo 2°. del Reglamento de Sanidad No. 3 ya citado.

ID.—ALMACÉN O DEPOSITO DE PROVISIONES—EDIFICIOS YA CONSTRUÍDOS.—Si el edificio en cuestión tiene algún destino de los que se detallan en el artículo 7 del Reglamento de Sanidad No. 3 ya citado, lo que no resulta de la acusación, quedaría indudablemente sujeto a la condición de tener su piso necesariamente de concreto, si fuera almacén o depósito de provisiones, pues mercado o muelle no lo ha de ser, pero nunca podría exigírsele a su dueño que le pusiera a las paredes ''una capa de concreto de cuatro pulgadas de grueso, de dos pies de profundidad y de cuatro de altura y el patio a prueba de ratas, colocando todo alrededor y al nivel del piso de la segunda planta, un saliente. de zinc de dos pies de ancho incrustado en la pared por donde deben pasar todos los tubos de desagüe, los alambres de luz, etc.''

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Miguel Guerra.*

Abogado de El Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el acusado Enrique Blanco contra sentencia que dictó la Corte de Distrito de San Juan, Sección 2ª. en 7 de octubre del corriente año, condenando a Blanco por infracción del Reglamento de Sanidad No. 3, a la pena de $75 de multa y en su defecto a un día de cárcel por cada dollar que dejare de satisfacer, sin costas.

La causa se originó en virtud de acusación presentada por el Fiscal de dicho distrito contra Enrique Blanco, la que en su parte sustancial dice así:

''El citado Enrique Blanco allá el día 12 de agosto de 1912, en San Juan que forma parte del distrito judicial del mismo nombre, fué notificado por el inspector de Sanidad J. Fonfrías de una orden expedida por el Director de Sanidad, para que dentro del plazo de 15 días contados desde la fecha ·de la notificación, hiciera las siguientes reformas en una casa de su propiedad situada en la calle de Tetuán 38, y marcada por la Sanidad con el número 37, distrito 19: Poner los pisos de concretos, a las paredes una capa de concreto de 4 pulgadas de grueso, 2 pies de profundidad, y 4 de altura; el patio a prueba de ratas, colocando todo alrededor y al nivel del piso de la

segunda planta un saliente de zinc de 2 pies de ancho, incrustado en la pared por donde deben pasar todos los tubos de desagüe, los alambres de luz, etc. Y el citado Enrique Blanco, ilegal y voluntariamente dejó transcurrir con exceso el plazo dádole sin que haya efectuado ninguna de dichas reformas. Este hecho es contrario a la ley para tal caso prevista, y a la paz y dignidad de El Pueblo de Puerto Rico.''

Después de haber hecho el acusado la alegación de no culpable su abogado opuso a ella el reparo de que no aducía hechos constitutivos de un delito público, cuya excepción fué desestimada por la corte, habiendo sostenido ante esta Corte Suprema su procedencia tanto el Sr. Fiscal como la representación de la parte apelante.

Examinemos esa excepción a la luz de los preceptos legales atinentes del Reglamento de Sanidad No. 3 para construir y conservar a prueba de ratas los edificios y sus dependencias en la Isla de Puerto Rico, redactado por la Junta Insular de Sanidad, aprobado por el Consejo Ejecutivo en 11 de julio de 1912 y promulgado por el Gobernador en 15 de dicho mes y año.

Los artículos 2, 7, 11 y 12 de dicho Reglamento dicen así:

''Artículo 2. En las casas y edificios ya construídos se observarán las reglas siguientes:

''Las casas dedicadas a viviendas que tengan el piso de la planta baja de madera, se pondrán a prueba de ratas, (1) levantando aquéllos a una altura de dos pies por lo menos sobre el terreno con todos los postes al descubierto, o (2) poniendo a prueba de ratas todo el espacio bajo el piso con un muro de cimentación hecho de piedra o concreto que se extienda bajo la superficie del terreno a una profundidad de dos pies y ajustado perfectamente al piso de la casa. Toda madera podrida debe renovarse.

''Art. 7. Todo edificio destinado a mercado, almacén, depósito, panadería, fábrica de pastas, y conservas alimenticias, licorerías, dulcerías, tiendas, colmados, bodegas, muelles, hoteles, cafés, restauranes, bodegones y ventorrillos deberán sujetarse a las reglas prescritas para las casas de viviendas y edificios: *Disponiéndose, no obstante,* que los mercados, muelles, almacenes y cualquier depósito

de provisiones deberán tener el piso necesariamente de concreto u
hormigón y además   *   *   *.

"Art. 11. Estas disposiciones deberán cumplirse dentro de un
plazo que el Director de Sanidad fijará en cada caso de acuerdo con
la importancia de la obra y de los medios de que se disponga en cada
localidad.

"Art. 12. Toda infracción a cualquiera de las reglas contenidas
en este reglamento será castigada con una multa máxima de $100."

Según la acusación el apelante fué notificado por un ins-
pector de Sanidad de la orden expedida por el director del
ramo para que hiciera las reformas específicamente expresa-
das en dicha acusación, de la cual no aparece si la casa de que
se trata está destinada a vivienda y tiene el piso de la planta
baja de madera para que así quede sujeta al artículo segundo
que dejamos transcrito, o si es un edificio destinado a alguno
de los fines que se especifican en el artículo 7º. para que así
quede sujeta a las reglas prescritas para las casas de vivien-
das y edificios y en su caso a la condición indispensable de
tener el piso de concreto u hormigón si se tratare de mercado,
muelle, almacén y cualquier depósito de provisiones.

La omisión observada en la acusación da lugar a que ésta
no contenga todos los elementos necesarios para que los
hechos constituyan infracción del Reglamento de Sanidad No.
3, pues si la casa del acusado está destinada a vivienda y tiene
de madera el piso de la planta baja, no puede estar sujeta a
ninguna de las reformas ordenadas por el Director de Sani-
dad, como lo revela el artículo segundo del Reglamento que se
supone infringido; y si el edificio en cuestión tiene algún
destino de los que se detallan en el artículo 7º. del mismo
reglamento, lo que no resulta de la acusación, quedaría indu-
dablemente sujeto a la condición de tener su piso necesaria-
mente de concreto si fuera almacén o depósito de provisiones,
pues mercado o muelle no lo ha de ser, pero nunca podría
exigírsele a su dueño que le pusiera a las paredes una capa
de concreto de 4 pulgadas de grueso, de dos pies de profun-
didad y de 4 de altura y el patio a prueba de ratas, colocando

todo alrededor y al nivel del piso de la segunda planta un saliente de zinc de 2 pies de ancho incrustado en la pared por donde deben pasar todos los tubos de desagüe, los alambres de luz, etc. Tales reformas no están autorizadas por el Reglamento de Sanidad No. 3 respecto de las casas y edificios ya construídos, según lo revela el artículo 7º. en relación con el 2º. del reglamento.

Atendidos los términos de la acusación, el artículo 1º. no es de aplicación al presente caso. Tenemos, pues, que la acusación no muestra que la orden del Director de Sanidad dejada de cumplir por el acusado haya sido dictada dentro de las facultades de dicho director para dar ejecución al Reglamento de Sanidad No. 3, y siendo ello así tampoco puede afirmarse que dicha acusación muestre infracción justiciable de alguna de las reglas contenidas en el Reglamento de Sanidad No. 3.

Si la orden del Director de Sanidad fué ilegal y, por tanto, nula, no estaba el apelante en el deber de darle cumplimiento y la infracción de dicha orden no puede constituir materia penable.

Por las razones expuestas entendemos procede la revocación de la sentencia apelada.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, del Toro y Aldrey.

El Juez Asociado Sr. Wolf, firmó haciendo constar estar conforme con la sentencia.